# United States District Court
# Middle District Of Florida
# Orlando Division

**SUSAN W. DAVIS, individually and**
**as assignee of STEPHANIE MADDOX,**

    **Plaintiff,**

**v.**             **Case No: 6:23-cv-1145-WWB-DCI**

**STATE FARM MUTUAL**
**AUTOMOBILE INSURANCE**
**COMPANY,**

    **Defendant.**

_____

## Order

  Plaintiff initiated this bad faith insurance action following an automobile accident that Defendant's insured allegedly caused. Defendant has filed a Motion for Summary Judgment (Doc. 28) and Plaintiff has filed a redacted Response in Opposition (Doc. 31, the Opposition). Pending before the Court is Plaintiff's Corrected Unopposed Motion to Seal. Doc. 33 (the Motion). Plaintiff seeks leave to file under seal an unredacted Opposition and the "confidential exhibits" Plaintiff references within the Opposition. Plaintiff contends that in the Opposition she extensively quotes from two personnel files that Defendant produced during discovery and that she seeks leave to file the documents under seal to ensure compliance with the parties' Confidentiality Agreement.

  Even though Plaintiff represents that Defendant does not oppose the Motion, it is due to be denied. Plaintiff explains the relevance and importance of the documents to the Opposition but there is no further explanation as to why *sealing* is necessary other than the representation that the parties entered into a confidentiality agreement. The parties' agreement is not a sufficient justification to warrant sealing. *See* Local Rule 1.11(a) ("Sealing is not authorized by a

confidentiality agreement, a protective order, a designation of confidentiality, or a stipulation."); *see also Wilson v. American Motors Corp.*, 759 F.2d 1568, 1571 (11th Cir. 1985) (finding that parties do not have the right to agree on what judicial records should be sealed).

Further, Plaintiff has failed to provide either good cause or a "reason sufficiently compelling to overcome the presumption of public access." Local Rule 1.11(a). "The right of access creates a rebuttable presumption in favor of openness of court records," *Gubarev v. Buzzfeed, Inc.*, 365 F. Supp. 3d 1250, 1256 (S.D. Fla. 2019), which "may be overcome by a showing of good cause, which requires balancing the asserted right of access against the other party's interest in keeping the information confidential. Whether good cause exists is decided by the nature and character of the information in question." *Romero v. Drummond Co., Inc.*, 480 F.3d 1234, 1246 (11th Cir. 2007) (internal quotation marks, citation, and alterations omitted).

This being a bad faith action, it seems that sealing the unredacted Opposition to a motion for summary judgment along with personnel files that purportedly "relate to [Defendant's] failure to fairly and honestly evaluate [Plaintiff's] claim" (Doc. 33 at 5)[1] would be tantamount to sealing the case. While the personnel files presumptively have personal information which led to the parties' confidentiality designation, the Court is not convinced that the parties' general interest in protecting the information outweighs the public's common law right to open proceedings.

Accordingly, the Motion is due to be denied as deficient and because Plaintiff has not overcome the presumption of public access. *See* Local Rule 1.11(a), (b)(3)(B).

It is, therefore, **ORDERED** that:

1. Plaintiff's Motion (Doc. 33) is **DENIED**; and

---

[1] Plaintiff asserts that the files include performance reviews which analyze the adjusters' handling of claims and "compares them to company and regional targets for performance." Doc. 33 at 4.

2. **on or before November 25, 2024**, Plaintiff shall file the Unredacted version of the Opposition with exhibits.

**ORDERED** in Orlando, Florida on November 18, 2024.

DANIEL C. IRICK
UNITED STATES MAGISTRATE JUDGE